May it please the Court, my name is Stephanie Bond. I'm here with Co-Counsel Thomas Wilson on behalf of the appellant Jerome Owings. There were several issues that were presented in the brief. I would like to try and touch briefly on two of those issues today and reserve at least five minutes for rebuttal by Mr. Wilson. Your Honor, we've been talking here today about the aggravated assault statute in Arizona. And as this Court's aware, Mr. Owings was given an increase for crime of violence under the attempted aggravated assault statute in the state of Arizona. And at the time that the District Court was making this decision, the District Court made it plain and clear in his analysis and in his decision that he was following the case of United States v. Gomez Hernandez. And he had stated that Gomez Hernandez said that aggravated assault, attempted aggravated assault in the state of Arizona is a categorical crime of violence. Your client was convicted of aggravated assault? My client was convicted of attempted aggravated assault. Does that matter? It does matter. Why? Well, Judge, there's been a lot of case law about the mens rea. And I know in the previous arguments you were hearing about the mens rea. The aggravated assault statute does have a mens rea of intentional, knowing, or reckless. The intent, excuse me, the intent under the attempted in Arizona is specifically intentional. And so there is a difference under that. But in Gomez Hernandez, that was a pre-decamp case. And the court in Gomez Hernandez pretty much implied, I mean, it wasn't actually written out in stone or in the black lettering in the ruling. But the court pretty much said that attempted aggravated assault is, yes. Was this crime for which your client was convicted, 1203A2, which was then aggravated? Your Honor, aggravated assault, I would disagree with that. Why? Well, there was never any judicially noticeable documents that were presented to say what he actually was convicted of. There was only the pre-sentence report. And as this Court has already said several times over, the pre-sentence report is not binding. It is the government's burden to prove. But one can look at a pre-sentence report if it quotes from a judicially noticeable document, right? Well, Judge, you can look at it. But I would disagree that it meets the burden that the government has. Do you think it's not a Shepard-compliant document if it quotes in paragraph 22 a Shepard-compliant document? I do not believe it is, for the reason that those documents are not before the court. I mean, it's a difference when we have authority right on point saying that we can look at a pre-sentence report to the extent it quotes a Shepard-compliant document. Well, Judge, I have specifically in United States v. Rendon Duarte, which was this that say the district court commits plain error when it relies solely on the facts recited in the pre-sentence report. Yes, but that's a different point than the question I'm asking. Did you focus – I don't want to belabor the point, but did you happen to focus on paragraph 22, which I'm referring to? You mean in the pre-sentence report? Uh-huh. No, Your Honor. Okay. Fair enough. And on that note – Well, let me just continue the slide. If we thought that he was convicted under A2, then for a different reason than what the district court said, this would be a generic crime of violence. Is that right? Well, no, Judge, I disagree. And I think under Cabrera-Perez, Cabrera-Perez, first of all, has agreed that this is not a categorical crime of violence. Well, what's the this? Attempted aggravated assault. But of a certain variety. But this one, if it was under A2, the elements precisely match the generic crime of violence. Well, Judge, Cabrera-Perez said that this statute in general is divisible. And if we look at DeCamp and the analysis under DeCamp, the court cannot do both. The court cannot say, we've got a statute, and so then we have to look at whether it's a categorical crime of violence or under the modified categorical approach. You have to do a two-step analysis. Okay, fine. But if we decided that what he was actually convicted of applying the modified categorical approach was A2, then you lose. Is that right? Just that much? Well, Judge, under Cabrera-Perez, I would agree I lose. I think that under what we have argued in our brief, we think obviously that this is a broad statute, and therefore, under DeCamp, you don't get to that, that the fact that the analysis ends at the fact of saying that this statute is overbroad. No, it doesn't end. Then you get to the modified categorical approach. And the question is whether or not we can – that's what I'm asking you. If we concluded, because that's what the pre-sentence report says and nobody's disputed it, that he was in fact convicted under A2, then I think you lose. So everything then turns. Is that right? Well, Judge, again, I hate to belabor the point, but I disagree that that's what DeCamp says. I think DeCamp says if the statute is overbroad, then it ends. No. If it's divisible, then they go to the modified categorical approach. Well, it's certainly divisible. It says A, B, and C. So, I mean, there's no doubt it's divisible. Well, and if that's the case that the Court is taking, then that would be consistent with Cabrera-Perez. Obviously not consistent with what we had argued. But even under – I'm really now baffled. All right. If you have a statute that says you can violate the statute in three ways, 1, 2, or 3, that's a divisible statute. No? Well, Judge, the problem – Otherwise, there is no divisible statute. Judge, the problem with the Arizona statute and the reason why we think it's broad and it's not as simple as saying you violate it 1, 2, or 3 is because it's 1, 2, or 3 with the mens rea, but then it's also ten different aggravated factors. Well, that's true. But the only problem – but if you do 1, 2, or 3, if you do 2, you have not only the right mens rea, but you also have a crime that is itself a crime of violence directly under the statute. So I don't understand your argument. Well, Judge, I guess I would summarize it this way, that in this case the district court erred. And he erred because he made a ruling based upon the fact that it was a crime of violence and didn't do the modified categorical approach. And he erred because he made a ruling based upon the fact that it was a crime   fact that it was a crime of violence. And the government did not submit any judicially noticeable documents for this court to even look at and say, okay, well, even if he was wrong under the modified category. All I was trying to do is move the issue along.  Okay. That's a different question than what I've been asking you. I've been asking you if we established that. And so you're now saying that the problem is that it's not established, not that it isn't. So were it established? Correct. And as I said under Cabrera-Perez, I do think that if it were established, the court now under Cabrera-Perez has said, yes, that this would be a problem for the defense. But this was never established. And I don't believe that the pre-sentence report can establish that. I don't believe even if they quote from judicially noticeable documents that they could establish that. Because the problem is, Judge, they are quoting from a plea agreement. They are not quoting from a plea colloquy. They are not quoting from the sentencing document, the judgment as to what the actual judgment itself from the judge said. They are simply looking at a paragraph in a plea agreement and saying, this meets the burden. This is clear and convincing evidence that he committed an A-2 intentional offense with a dangerous weapon. That was not established. That was never established by the government. And the defense is not under any obligation, I think, to present judicially noticeable documents to the court about that issue. That is solely the burden of the government. If the government thinks that they could prove that, that the judgment and the plea colloquy and everything else showed that, then they should have presented those documents. Of course, they don't have to show that everything else showed that. But any of those individually would be Shepard-compliant, right? I don't believe the plea agreement is Shepard-compliant, Your Honor. I don't believe that alone is Shepard-compliant. All right. And the reason why is because what is binding is what the judgment is. And what was said in the factual basis. The plea agreement is a document. But it doesn't mean that it alone satisfied everything. And I think that's the problem. They have a clear and convincing evidence standard. They're taking a section of a document that a judge didn't see. There was no modified categorical progeny analysis. The judge didn't see the plea agreement? No. The judge didn't see the plea agreement? No. Judicially noticeable documents were not submitted in this case, Your Honor. The only thing we have is this paragraph in the pre-sentence report. Well, okay. So now we're kind of going around and around about that. But I think I understand your position on that point, and I appreciate that. Yes. And if I could, it looks like I have exactly five minutes, so I'd like to reserve that for Mr. Wilson. Thank you. Good morning. May it please the Court. I'm Chris Cavanias from the District of Arizona. To answer the Court's questions, Judge Kristin, yes, it is adequate to rely on the PSR when the PSR quotes from a judicially noticeable document. That is Gonzales-Apricio, which we cited in our pre-sentence report.   It is not subject to judicial review. The defendant's case is that she relies on, in her reply brief, including Rendon as well as Castillo-Marin. This Court makes a specific distinction between all of those cases where there's just a generic recitation of facts where you can't tell whether it came from a judicially noticeable document, and then footnote 3 of Castillo-Marin says this is not a case in which the district court's reliance on the PSR might be excused because the narrative was from another acceptable source, quoting Gonzales-Apricio. So if you have a PSR that quotes from the judicially noticeable documents, that is adequate. It's like looking at the document. And as I mentioned in the 28-J letter I filed recently, the defendant never objected that she had been convicted or the defendant had been convicted of the crime as set forth in the PSR, and Gonzales-Apricio says that's reviewed for plain error. Quote, it bears repeating that if the defense had raised some sort of objection the government could have presented in the sentencing proceeding the actual documentation from the State court under these circumstances is no plain error.  Kagan. And the district court did find that he was convicted of A-2, didn't it? Yes. I think implicitly, yes. I thought so. Explicitly, no? I think so, too, because he's relying on Gomez-Hernandez and says that he's bound by that. And Gomez-Hernandez, we're talking about the exact same thing. No. I thought Gomez-Hernandez was Gomez-Hernandez A-2. Gomez-Hernandez. There's a different subsection of the aggravating section. Is that the problem? Gomez-Hernandez. I thought that the Court made a finding about A-2, but it might have been the aggravator A-2, but the bottom line is it was the exact same conviction, as I recall, in terms of aggravated assault. And remember, the issue with the divisibility when it comes to the assault itself has to do with the mens rea, but when you have an attempted, this Court also says you got intentionally with that. But we also have A-2s. Do you think Gomez-Hernandez is binding here? Yes, I do. Is it sufficient? Well, how is it sufficient? Because wasn't the problem in Gomez-Hernandez, yes, it's binding as to the mens rea, but what about the substantive crime? It was a different aggravator, wasn't it? Let me just double-check real fast. The Court used the documents to demonstrate that the attempted aggravated assault conviction necessarily rested on the specific intent to use a deadly weapon in carrying out the assault. I understand that, but what about the problem is whether or not it was the same aggravator, no? Well, we have again here the quoting from the judicially noticeable documents that establishes it's 1204-A-2, just like in Gomez-Hernandez, it establishes that intention. Well, it actually doesn't say 1204-A-2. That's what it doesn't say. It says 1204-A, 1203-A2, and 1204-A. But we can tell it's 1204-A-2 from the plea agreement that is quoted in the judicial document. Actually, later it does say 1204-A-2. Okay. No, actually, you know what, Your Honor? Hold on a second here. I think you're referring to a different ag assault where there is a specific 1204-A-2 that's at the end of the PSR, paragraph 22. I think that's referring to a different one. Here. Oh, forgive me. I didn't realize you weren't finished. Go ahead. I'm sorry? I'm trying to say excuse me for interrupting. Go ahead. No, I just wanted to say that we can tell it's 1204-A-2 because of the language of the plea agreement. That tracks the language of 1204-A-3 as well as 1204-A-2. But 1204-A-3 wouldn't do it for you, right? 1204-A-3 is not a felony. Remind me. 1203 is a misdemeanor, right? You need 1204. For the felony part, right. Yes. Because you're not going to get the enhancement without a felony conviction, right? Well, you know what? I can't be positive. I don't remember the classifications of 1203 in terms of whether they're all a misdemeanor. I think I heard my prior colleague say that, and I would defer to her on that. I think it pretty clearly is. And under 4B1.2, this enhancement is only going to apply if there's a prior conviction with a term exceeding one year. With a felony, yes. Right. And there was here. Okay. There was no dispute about that, by the way. Right. Right. So when it comes to the conviction here, we have also Cabrera-Perez, which is the specific conviction as well, 1203-A-2 and 1204-A-2. And Cabrera allows this Court to look at it's not an attempted in Cabrera-Perez, but the aggravated assault was 1203-A-2 and 1204-A-2. But Cabrera-Perez is different. That talks about being a crime of violence under 18 U.S.C. Section 16A. And that actually applies here because it's a 4B1.2 crime of violence, and you can actually meet it in one of three ways. The one way is the generic ag assault, and that's under Gomez. But also you can meet it under the same language, the element, the use of force, as well as the risk of physical injury. But 16A is significantly broader. It doesn't require the felony conviction. You need a felony conviction. You get that. I think I agree with your argument about paragraph 22, but are you really relying on Cabrera-Perez? Well, Cabrera-Perez, they used actually the documentation to show that the defendant was convicted of 1204-A-2. What's your response to that? So I agree that Cabrera-Perez is on point here, too. Do you think 16A is broader, 18 U.S.C. 16A, or are you disputing that? Broader than? Does it encompass prior convictions that all of them? Do you think it necessarily, in other words, do you think necessarily a prior conviction that qualifies under 16A is going to qualify under 4B1.2? You know, I had some authority in my brief on that, and I'm pretty sure. But let me look at here the quote in Cabrera-Perez. It says here, he takes issue with the district court's reliance when it comes to convictions under subpart A-2, and A-2 satisfied both alternative prongs under 18 section 16. And then you can see at the end the court does conclude that a conviction under 1203-A-2 is a crime of violence. 1203-A-2 satisfies the first prong of section 16 because it intentionally places another person. Then you also have 1203-A-2 has an element, the use attempted, use of threat, use of physical force. And that's 16A. So I think it actually supports both. But that goes to my point. I think you've already conceded 1203 is a misdemeanor. And 16A doesn't require a felony conviction. So that makes sense in the context of Cabrera. But in this case, you've got to have a felony. And, again, I don't think it was disputed that there was. Right. Yes. You need a felony to get the enhancement is true, to get the enhancement of the guns. The dispute I have that you and I are discussing is whether or not it necessarily means if you've got a 16A, something that complies with 16A, you necessarily have satisfied 4B1.2. Well, I guess I would say that the language that I remember reading sounded pretty consistent. But if you have any doubt about that, we have the generic ag assault, generic ag assault, attempted ag assault under Gomez, and we also have the risk of physical injury, the third one that we put in our last footnote. So I think under any of those three it fits. But even if one doesn't, we still have one other or two others. But in any event, to get any of these, we have to rely on the PSR alone, because that's all there is. Yes. And the Court says you can do that as long as it shows that it's quoted from the PSR on that. Did the Court have any questions about the conviction itself? Because if not, I would just rely on my brief, then, to ask this Court to affirm the conviction for all the reasons we've stated there and to affirm the sentence in this case for the reasons we've stated as well. Thank you. Thank you. Please, the Court. Thomas Wilson. If the Court has any questions, I'd start with the district judge struggled over this issue. In his sentencing, in the sentencing on the record, page 7, line 3, he points out that the government failed to provide any judicially noticeable documents, failed to provide any almost foreshadowing, four months in advance, Cabrera. He points out that they didn't provide the plea, didn't provide the colloquy, the complaint, any of those things. And the government response at the sentencing, page 11, line 15, it says they rely specifically on Gomez-Hernandez. Attempted aggravated assault is categorically a crime of violence in Arizona, and that's why they didn't provide any documents. Can you tell me what it is in Cabrera-Perez exactly that you think helps you? Certainly, the defense in Cabrera-Perez argues Vidal and says the Court can't rely upon a charging document. In rejecting that, the Court says that's not the case here. In Cabrera-Perez, we have, and it's page 13, line 13, we have the complaints. Page 13? I don't know what 13 means. You don't have the F-third sign? I don't. Well, that's not very helpful. In Cabrera-Perez, they point out in distinguishing Vidal and rejecting that argument. That's not our case here. We have the complaint. We have the complete plea. And we have a transcript. But Cabrera-Perez doesn't say that if the PSR specifically quotes from a document nobody can test it, that's not good enough. No, it certainly doesn't. So how is it relevant? Well, it points out all the things that they have there. Fine. But it doesn't say. But here what we have is essentially a secondary document quoting from those same things. Well, that same document was rejected by the district judge. He pointed out that he didn't feel that that was relevant. Well, it must have been. He couldn't have rejected it because he had to rely on something. That's all he had. Well, he relied on the fact that they don't need to produce anything because it's categorically a crime of violence no matter what, according to Gomez-Hernandez. If he's incorrect about that, or if we agree with you that that was an incorrect ruling, then what about Judge Berzon's real question, which is why can't we look at the PSR's paragraph 22 that quotes the plea agreement? Well, in the PSR, that same PSR, the same writer says judicially noticeable documents here do not list specific subsections under which the defendant was convicted, and the statute is overly broad. Same writer, same PSR. And then another subsection points out a paragraph which factually is inaccurate. The actual judgment, the underlying attempted assault judgment, the conviction doesn't have a subsection A-2. It has that and the plea agreement, but the judge doesn't actually have a conviction for it. Right. Suppose we agree with you that the district judge did it on the wrong basis and didn't make he essentially didn't make a determination as a modified categorical approach. Do we then remand it? Well, the district judge didn't, and he pointed out on the record he couldn't, because they didn't provide him any documents with which he could do that. So the remand would be leaving the district judge with an insufficient record to do that anyway. He has none of those documents with which to apply the modified categorical approach. And when a judge actually struggles with that aloud, the state responds with, we didn't provide them because you don't need them, because Gomez-Hernandez says it's absolutely a crime of violence. And I don't want to belabor the assault issue, the aggravated assault issue in Arizona, but I think it was partially obscured. The three, the intentional, knowingly reckless that applied aggravated assault, to get to attempted aggravated assault is a bit cumbersome. Arizona takes the generic attempt statute and combines it with the aggravated assault statute. Attempts requires intentional. It could be intentional burglary, intentional. When we apply that to the aggravated assault statute, it becomes a little cumbersome because it's not then intentional. It is intentionally reckless or intentionally knowing or intentionally intentional. And I think that's a mistake. That is a mistake. But it wasn't a mistake, right? Yes. Where is this discussion you said in the PSR about that there were no judicially noticeable documents? I'm looking for the same thing. Page. Well, in the numbered paragraphs, it's 22. It's the paragraph starts base offense level. I see. So you're saying that although it says at first that he was convicted under 13-1203 82, it then goes on to say that judicially noticeable documents don't list specific subsections. That was the actual sentencing. So where did he get it from? But then he quotes it. So I don't understand that. It was a part of the written plea agreement that he's quoting from, except that the judge's actual sentencing omitted all of that. And then we don't have the colloquy to see why he did that. The plea agreement doesn't cite a subsection. It says what he did, but it doesn't say what he was being convicted under. And the – I guess the colloquy to explain why the sentencing judge felt the need to alter that would be explanatory, but that's not part of the record. We don't have that. So my notes indicate that the PSR quoted – sorry. Paragraph 22 of the PSR says that the plea agreement states the defendant attempted to commit the course of aggravated assault with a deadly weapon by using a deadly weapon or dangerous instrument to whet a knife or pipe to attempt to place victim in reasonable apprehension of imminent physical injury. And I understood that to be a quotation from the plea agreement. Is that right? And the judge had it, and you're telling me, I guess, that he didn't rely on it, certainly not overtly. The district judge? Right. No, the district judge did not have the plea agreement at all. No, I'm not suggesting that. We had this PSR with this quotation from the plea agreement, unless I'm – that's what I'm trying to make sure I'm right about. If I'm wrong, please correct me. The PSR – I'm assuming he did have the PSR, yes. But the sentencing – the PSR quotes from the plea agreement from that trial, that attempted aggravated assault situation. Right. The actual judge in that attempted aggravated assault sentenced not as to that plea agreement, but altered it and took away those subsections. How do you know that? Because of the record, the sentencing record, where he's actually – the actual document that shows that he's convicted. You just said that it doesn't exist. Well, we have the document that shows he's a convicted felon in the sentencing, and the sentencing shows that he was convicted of something without that paragraph. I'm sorry. I'm not understanding. You're saying that you have something that's not in the record that shows this? Is that what you're telling me? Well, I believe that he was – the same pre-sentence report lists he's a convicted felon because he was convicted of the following, and what he was convicted of does not include that subparagraph A-2. It doesn't show – it's a generic attempted aggravated assault statute. The plea agreement contemplated that it would be a specific subsection, but when the judge actually sentenced him, he convicted him of the generic statute. Let me stop after this. Okay. Sure. But in the plea agreement, from what I could see, there's a little chart in paragraph 50, and it says attempted aggravated assault 1203A-2 and 113-1204A. The plea agreement contemplated – I'm not asking about the plea agreement.  I'm asking for paragraph 50 of the PSR. Now, paragraph 50 of the PSR talks about 13-1203. 1203A-2. Correct. 1203, the misdemeanor. And 13-1204A. Right. But why isn't 1203A-2 by itself enough as long as there's an aggravator, any aggravator? Well, 13-1203 is a misdemeanor. I know, but it says there's also an aggravator. So if you have 1203A-2 and an aggravator, any aggravator, isn't that enough? You just told me before that it's not in here. It is in here, what he was convicted under. No, no, no. I said 13-1204 doesn't have an A-2, and that's what it does. That's true. It doesn't. So what difference does that make? Well, charging somebody with a misdemeanor and then proving an aggravator would be a good trial issue. This doesn't say that they did that. This shows him convicted only of a generic misdemeanor, I mean, a generic felony. And then it points out a little misdemeanor. I'm really not understanding. I thought 1203A-2 in terms of both the intent and the substance is enough as long as it's a felony. So any 1204A aggravator is sufficient. Any one. Well, if any aggravator was sufficient to make it a felony, without knowing which aggravator it is, we're back to the fact that it's not divisible because it's a generic statute that doesn't do that. I don't understand. Okay. Thank you very much. Let's thank both of you. The complicated, a little complicated case of United States v. Owings is submitted. We'll go on to Jose Aguado-Hernandez v. United States.
judges: FISHER, BERZON, CHRISTEN